IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                         **CAUSE NO. 1:17cr68-LG-JCG-5**

**MICHAEL TODD WARD**

<u>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**</u>

**BEFORE THE COURT** is the [314] Motion for Compassionate Release filed by the defendant, Michael Todd Ward. The Government has filed a response in opposition to the Motion, and Ward has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Ward's Motion should be denied.

### BACKGROUND

On January 26, 2018, Ward pled guilty to conspiracy to possess with intent to distribute methamphetamine and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(2). He was sentenced to 151 months of imprisonment, 5 years of supervised release, a $10,000 fine, and a $100 special assessment. He is currently serving his sentence at FPC Montgomery.

Ward filed an inmate request to staff for a sentence reduction with FPC Montgomery on April 24, 2020, which was denied on April 26, 2020. In the Bureau of Prisons' ("BOP") denial, it stated that Ward "may commence an appeal of [this denial] via administrative remedy process by submitting [his] concerns on the appropriate form (BP-9) within 20 days of the receipt of this response." (Def.'s Mot.,

Ex. 1, at 2, ECF 314-1). Thereafter, on May 7, 2020, Ward filed an informal complaint resolution form asking for compassionate release due to the COVID-19 pandemic and his pre-existing medical issues. (Def.'s Reply to Opp., Ex. 4, ECF 335-4). The BOP denied his request on June 2, 2020. Again, the BOP advised Ward that if he is "not satisfied with this response . . . [he] may commence an appeal . . . via the administrative remedy process" by submitting the appropriate (BP-9) form. *Id.*, Ex. 5, ECF 335-5. The record reflects that Ward did not appeal the BOP's decision.

On May 21, 2020, Ward filed a *pro se* Application for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) as a Result of COVID-19, which the Court has construed as a Motion for Compassionate Release. The Government opposes the Motion because it claims that Ward has not exhausted his administrative remedies. In the alternative, the Government argues that Ward has not demonstrated extraordinary and compelling reasons justifying release.

## DISCUSSION

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). "'This mandatory statutory exhaustion requirement provides no exceptions.'" *United States v. Clay*, No. 2:18-1282-10, 2020 WL 2296737, at *3 (S.D. Tex. May 4, 2020) (quoting *United States v. Reeves*, No. 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020)). Further, the Court interprets the "lapse" language in the second exhaustion method as having a futility component, that is, it applies only when the BOP has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3. When an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. In such cases, the defendant is subject to a four-step Bureau of Prisons ("BOP") grievance process: (1) informal resolution (BP-8); (2) formal administrative grievance (BP-9); (3) regional appeal (BP-10); and (4) national appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3.

Here, because Ward has filed an inmate request and informal resolution to the BOP for relief, and the BOP denied Ward's requests, Ward must fully exhaust under the first exhaustion method. Thus, Ward is subject to the four-step BOP

-4-

grievance process and the Court may not modify his term of imprisonment until he has exhausted that process.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [314] Motion for Compassionate Release filed by the defendant, Michael Todd Ward, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 15th day of July, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE