# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:17cr68-LG-JCG-5

**MICHAEL TODD WARD**

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [371] Motion for Compassionate Release filed by the defendant, Michael Todd Ward. The Government has filed a response in opposition to the Motion, and Ward has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Ward's Motion should be denied.

## DISCUSSION

On January 26, 2018, Ward pled guilty to conspiracy to possess with intent to distribute methamphetamine and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(2). He was sentenced to 151 months of imprisonment, 5 years of supervised release, a $10,000 fine, and a $100 special assessment. He is currently serving his sentence at FPC Montgomery.

Ward originally filed a [314] Motion for Compassionate Release on May 21, 2020. The Court denied Ward's request for failure to exhaust administrative remedies. (*See* Order, ECF No. 339). On May 4, 2021, Ward filed his second [371] Motion for Compassionate Release, claiming that he is more vulnerable to COVID-19 than other inmates. He claims he suffers from various illnesses, such as

hyperlipidemia, hypertension, and diabetes. (*See* Mot., at 2, ECF No. 371). He also asserts to be anemic and suffers with sleep apnea, which requires him to take an array of prescription medicines. (*Id.*). Ward maintains that the conditions at FPC Montgomery create an optimal environment for the transmission of COVID-19. The Government objects to Ward's Motion on its merits.[1]

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[2] The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13). District courts are not bound by the policy statement nor the commentary but are bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors. *Shkambi*, 993 F.3d at 393. Courts nonetheless find § 1B1.13 informing to the analysis of what may be "extraordinary and compelling" to merit compassionate release. *United*

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).

Here, the Court finds that Ward's medical conditions do not justify release. His medical conditions are not terminal and do not substantially diminish his ability to provide self-care in the institutional setting or otherwise present extraordinary and compelling reasons justifying compassionate release. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)). The Court recognizes that diabetes and hypertension can make Ward more susceptible to serious illness should he contract COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 29, 2021). The record reflects, however, that Ward is receiving medical care for these conditions. (*See* Medical Records, ECF No. 380).

Ward's generalized fear of contracting COVID-19 also does not justify compassionate release. *See Thompson*, 984 F.3d at 435. There is currently one confirmed case at FPC Montgomery amongst inmates. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited June 29, 2021). In his Reply, Ward notes that, at the time of the Government's Response, Ward was located at the Residential Reentry Management field office, wherein the BOP does not track the number of inmates with positive COVID-19 cases. (*See* Def.'s Reply, at 5-6, ECF No. 382). This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its

charge. The record also reflects that Ward has received both doses of the Moderna vaccine. (Gov.'s Resp., at 11, ECF no. 379). Although not 100% effective at preventing COVID-19 infection, the vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. *See United States v. Schad*, No. 2:17-225-3, 2021 WL 1845548, at \*3 (S.D. Tex. May 5, 2021). Therefore, the Court finds that Ward's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Ward was convicted of count one in the indictment. He had a total offense level of 33 and a criminal history category of II. (Presentence Investig. Report ("PSR"), at ¶¶ 80, 91, at 14, 18, ECF No. 278). The PSR reflects that he has multiple prior drug convictions. (*See id.* at ¶¶ 83-88, at 17-18). Requiring Ward "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)((A), (B). To prematurely release Ward would potentially create an unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). For all these reasons, the Court finds that a reduction in Ward's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.[3]

---

[3] The Court notes that Ward asserts an Eighth Amendment violation. (*See* Def.'s Reply, at 6, ECF No. 382). Ward states that "prison officials may [not] be deliberately indifferent to the exposure of inmates to a serious, communicable

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [371] Motion for Compassionate Release filed by the defendant, Michael Todd Ward, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of June, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

disease on the ground that the complaining inmate shows no serious current symptoms." (*Id.*) (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). An "official acts with deliberate indifference only if 'the official knows of and disregards an excessive risk to inmate health or safety; the official must . . . be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must . . . draw the inference.'" *Lewis v. Goodwin*, 810 F. App'x 332, 333 (5th Cir. 2020) (per curiam) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Ward's allegations do not demonstrate deliberate indifference. Nonetheless, Ward's Eighth Amendment claim is beyond the scope of the inquiry pertinent to compassionate release. *See United States v. Sanchez-Rodriguez*, 2020 WL 5057447, at \*3 n.5 (N.D. Tex. Aug. 27, 2020) (citing *Melot v. Bergami*, No. 19-50436 2020 WL 4782058, at \*2 (5th Cir. 2020)).